```
Jonathan G. Fetterly (State Bar No. 228612)
HOLME ROBERTS & OWEN LLP
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826
Telephone:  (213) 572-4300
Facsimile:  (213) 572-4400
E-mail: jon.fetterly@hro.com

Attorney for Plaintiffs
ATLANTIC RECORDING CORPORATION;
SONY BMG MUSIC ENTERTAINMENT;
WARNER BROS. RECORDS INC.; ARISTA
RECORDS LLC; BMG MUSIC; MAVERICK
RECORDING COMPANY; UMG
RECORDINGS, INC.; and CAPITOL RECORDS,
INC.
```

FILED
07 SEP 18 AM 11:40
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: /s/   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ATLANTIC RECORDING CORPORATION, a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; MAVERICK RECORDING COMPANY, a California joint venture; UMG RECORDINGS, INC., a Delaware corporation; and CAPITOL RECORDS, INC., a Delaware corporation,

        Plaintiffs,

  vs.

CHARLES SERRANO,

        Defendant.

Case No.: '07 CV 1824 J JMA

COMPLAINT FOR COPYRIGHT INFRINGEMENT

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 *et seq.*).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. This Court has personal jurisdiction over the Defendant, Charles Serrano, and venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400, because, on information and belief, the Defendant resides in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

## PARTIES

4. Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general partnership, with its principal place of business in the State of New York.

6. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7. Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

9. Plaintiff Maverick Recording Company is a joint venture between SR/MDM Venture Inc. and Maverick Records LLC, organized and existing under the laws of the State of California, with its principal place of business in the State of California.

10. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

11. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

12. Plaintiffs are informed and believe that Defendant is an individual who resided in El Cajon, California, within this District at the time of the infringement complained of herein. Upon information and belief, Defendant may still be found in this District.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

13. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

14. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, for which the Plaintiffs are the owners as specified on Exhibit A.

15. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

16. Much of the unlawful distribution of copyrighted sound recordings over the Internet occurs via "peer-to-peer" ("P2P") file copying networks or so-called online media distribution systems. P2P networks, at least in their most popular form, refer to computer systems or processes that enable Internet users to search for files (including audio recordings) stored on other users' computers and transfer exact copies of files from one computer to another via the Internet, which can include both downloading an exact copy of that file onto the user's own computer and distributing an exact copy of that file to other Internet users on the same P2P network. P2P networks enable users who otherwise would have no connection with, or knowledge of, each other to provide a sophisticated search mechanism by which users can locate these files for downloading and to reproduce and distribute files off of their personal computers.

17. Users of P2P networks who distribute files over a network can be identified by using Internet Protocol ("IP") addresses because the unique IP address of the computer offering the files for distribution can be captured by another user during a search or a file transfer. Users of P2P networks can be identified by their IP addresses because each computer or network device (such as a router) that connects to a P2P network must have a unique IP address within the Internet to deliver files from one computer or network device to another. Two computers cannot effectively function if they are connected to the Internet with the same IP address at the same time.

18. Plaintiffs identified an individual using LimeWire on the P2P network Gnutella at IP address 69.237.185.46 on February 8, 2007 at 18:47:06 EST distributing 224 audio files over the Internet. The Defendant was identified as the individual responsible for that IP address at that date and time. Plaintiffs are informed and believe that as of February 8, 2007, Defendant, without the permission or consent of Plaintiffs, had continuously used, and continued to use, a P2P network to download and/or distribute to the public the Copyrighted Recordings. Exhibit A identifies the date and time of capture and a list of Copyrighted Recordings that Defendant has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public. Through Defendant's continuous and ongoing acts of downloading and/or distributing to the public the Copyrighted Recordings, which acts Plaintiffs believe to have been ongoing for some time, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

19. In addition to the sound recordings listed on Exhibit A, Plaintiffs are informed and believe that Defendant has, without the permission or consent of Plaintiffs, continuously downloaded and/or distributed to the public additional sound recordings owned by or exclusively licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of infringement are ongoing.

20. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These

published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant.

21. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and indifference to the rights of Plaintiffs.

22. As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

23. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief as the Court may deem just and proper.

Dated: September 18, 2007

JONATHAN G. FETTERLY
HOLME ROBERTS & OWEN LLP

By: _____
Jonathan G. Fetterly
Attorney for Plaintiffs
ATLANTIC RECORDING CORPORATION;
SONY BMG MUSIC ENTERTAINMENT;
WARNER BROS. RECORDS INC.; ARISTA
RECORDS LLC; BMG MUSIC; MAVERICK
RECORDING COMPANY; UMG
RECORDINGS, INC.; and CAPITOL RECORDS,
INC.

# EXHIBIT A

## CHARLES SERRANO

**IP Address:** 69.237.185.46 2007-02-08 18:47:06 EST          **CASE ID#** 117633250

**P2P Network:** Gnutella                                      **Total Audio Files:** 224

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
| --- | --- | --- | --- | --- |
| Atlantic Recording Corporation | Matchbox 20 | Push | Yourself or Someone Like You | 227-755 |
| SONY BMG MUSIC ENTERTAINMENT | Mariah Carey | Hero | Music Box | 178-631 |
| Warner Bros. Records Inc. | Faith Hill | Breathe | Breathe | 276-629 |
| SONY BMG MUSIC ENTERTAINMENT | Celine Dion | It's All Coming Back To Me Now | Falling Into You | 224-159 |
| Arista Records LLC | Santana | Smooth | Supernatural | 289-833 |
| BMG Music | Martina McBride | Valentine | Evolution | 240-332 |
| Maverick Recording Company | Michelle Branch | All You Wanted | The Spirit Room | 303-732 |
| UMG Recordings, Inc. | Vanessa Carlton | Pretty Baby | Be Not Nobody | 313-943 |
| Capitol Records, Inc. | Coldplay | Clocks | A Rush of Blood to the Head | 322-958 |
| Arista Records LLC | Avril Lavigne | Too Much To Ask | Let Go | 312-786 |

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

        # 142575      - KD
        * * C O P Y * *
        September 18, 2007
             11:41:31


        Civ Fil Non-Pris
USAO #.: CIVIL FILING: 07CV1824
Judge..: NAPOLEON A JONES, JR
Amount.:                $350.00 CK
Check#.: BC 352516



       Total->   $350.00


FROM: ATLANTIC RECORDING CORP., ET A
      V. SERRANO
      CIVIL FILING
```

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ATLANTIC RECORDING CORPORATION; SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; ARISTA RECORDS LLC; BMG MUSIC; MAVERICK RECORDING COMPANY; UMG RECORDINGS, INC.; and CAPITOL RECORDS, INC.

**DEFENDANTS** 07 SEP 18 AM 11:40
CHARLES SERRANO
County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY) CALIFORNIA
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION F THE LAND INVOLVED.

BY: _____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff **New York County, NY**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jonathan G. Fetterly (SBN: 228612)    Telephone:    213.572.4300
HOLME ROBERTS & OWEN LLP              Facsimile:    213.572.4400
777 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5826

Attorneys (If Known)
'07 CV 1824 J (JMA)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW 405(g) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities-Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities-Other | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
*17 U.S.C. § 501 et seq.*
Brief description of the cause: *copyright infringement*

**VII. REQUESTED IN COMPLAINT**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory damages; injunction
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE **September 18, 2007**    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 142575    AMOUNT $350    APPLYING IFP to 9/18/07    JUDGE _____    MAG. JUDGE _____