1   MICHAEL B. STONE, ESQ., Bar #160177
    2250 East Imperial Highway, Suite 200
2   El Segundo, California 90245
    (310) 776-7500
3   (310) 356-3295 Fax
    michael.b.stone@att.net
4

5   Attorney for Defendant
    CHARLES SERRANO
6

7

8                        UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11  ATLANTIC RECORDING              )   Case No.: 07CV1824 J (JMA)
    CORPORATION, a Delaware         )
12  corporation; SONY BMG MUSIC     )   (Honorable Napoleon A. Jones)
    ENTERTAINMENT, a Delaware       )
13  general partnership; WARNER     )   COUNTERCLAIM
    BROS. RECORDS, INC., a          )
14  Delaware corporation; ARISTA    )   DEMAND FOR JURY TRIAL
    RECORDS, LLC, a Delaware        )
15  limited liability company;      )
    BMG MUSIC, a New York general   )
16  partnership; MAVERICK           )
    RECORDING COMPANY, a            )
17  California joint venture; UMG    )
    RECORDINGS, INC., a Delaware    )
18  corporation; and CAPITOL        )
    RECORDS, INC., a Delaware       )
19  corporation,                    )
                                    )
20            Plaintiffs,           )
                                    )
21        vs.                       )
                                    )
22  CHARLES SERRANO,                )
                                    )
23            Defendant.            )
    _____)
24

25        Defendant, CHARLES SERRANO, alleges:

26        1.   Charles Serrano ("Serrano") is an individual residing

27   within this District.

28   / / /

                                    1

1        2.   On information and belief, Atlantic Recording

2    Corporation is a corporation duly organized and existing under

3    the laws of the State of Delaware, with its principal place of

4    business in the State of New York.

5        3.   On information and belief, Sony BMG Music

6    Entertainment is a Delaware general partnership, with its

7    principal place of business in the State of New York.

8        4.   On information and belief, Warner Bros. Records Inc.

9    is a corporation duly organized and existing under the laws of

10   the State of Delaware, with its principal place of business in

11   the State of California.

12       5.   On information and belief, Arista Records LLC is a

13   limited liability company duly organized and existing under the

14   laws of the State of Delaware, with its principal place of

15   business in the State of New York.

16       6.   On information and belief, BMG Music is a general

17   partnership duly organized and existing under the laws of the

18   State of New York, with its principal place of business in the

19   State of New York.

20       7.   On information and belief, Maverick Reording Company

21   is a joint venture between SR/MDM Venture Inc. And Maverick

22   Records LLC, organized and existing under the laws of the State

23   of California, with its principal place of business in the State

24   of California.

25       8.   On information and belief, UMG Recordings, Inc. is a

26   corporation duly organized and existing under the laws of the

27   State of Delaware with its principal place of business in the

28   State of California.

07CV1824

9.   On information and belief, Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

10.   On information and belief, Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

11.   This action arises under the Copyright Laws of the United States for a declaratory judgment of non-infringement pursuant to the Declaratory Judgement Act, Title 28, *United States Code*, Sections 2201 and 2202, to the extent that an actual controversy exists between Defendant and Plaintiffs.

12.   Jurisdiction in this Court is proper under Title 28, *United States Code*, Section 1338 by virtue of this action being a question of Federal Law arising under the Copyright Laws of the United States, to wit, Title 17, *United States Code*, Section 505.

13.   Venue is proper in this District under Title 28, *United States Code*, Section 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this District.

14.   At all times relevant to this action, Serrano was and is an account holder with SBC Internet Services for Digital Subscriber Line (DSL) internet service.

15.   Defendant Charles Serrano denies that he at any time downloaded, "made available," or uploaded any of Plaintiffs' allegedly copyrighted works.

16. Defendant denies that he ever knowingly permitted any other person to use his computer or internet connection to download, upload, or share copyrighted music or other copyrighted materials to or from other computers.

17. Plaintiffs have brought the claims and allegations set forth in the Complaint in order to harass and cause unnecessary costs to Defendant and to extract from Defendant a settlement of a claim for which they know they have no, or insufficient, evidentiary support, and for which Plaintiffs will have no evidentiary support even after a reasonable opportunity for further investigation and discovery, and for which there is no sufficient legal basis.

18. Plaintiffs have brought the claims and allegations set forth in the Complaint without adequately investigating the facts to determine whether they are true and sufficient to support Plaintiffs' claims.

19. On information and belief, Plaintiffs' only evidence to support their claims against Defendant is his status as an account holder with SBC Internet Services.

20. Plaintiffs' allegations are neither well grounded in fact nor are they warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. *Federal Rules of Civil Procedure*, Rule 11.

21. Defendant seeks relief pursuant to Title 28, *United States Code*, Section 1927 from Plaintiffs, their agents and their counsel, because they have multiplied the proceedings unreasonably and vexatiously. Defendant Serrano is entitled to recover costs, expenses, and attorneys' fees reasonably incurred

1    because of such conduct.

2        22.   Plaintiffs claim to be the copyright owners or

3    licensees of certain sound recordings.

4        23.   Plaintiffs commenced civil actions in the

5    U.S. District Court for the Southern District of California

6    against Defendant, charging Defendant with copyright

7    infringement.

8        24.   Defendant is accused therein of downloading and

9    file-sharing certain computer files consisting of sound

10    recordings allegedly owned or licensed by Plaintiffs.

11        25.   The acts allegedly committed by Defendant as set forth

12    in the Complaint(s) therein do not constitute copyright

13    infringement.

14        26.   Plaintiffs do not allege any specific acts of

15    downloading or file-sharing or provide any details of time and

16    place regarding such acts.

17        27.   Defendant did not in any event violate any of the

18    exclusive rights of any of the Plaintiffs in and to the sound

19    recordings.

20        28.   There is an actual controversy between the Defendant

21    and the Plaintiffs.

22        29.   Plaintiffs have on many occasions voluntarily

23    dismissed actions similar to the action against Defendant which

24    they have brought in district courts throughout the United

25    States.   Plaintiffs are believed to often dismiss their

26    boilerplate complaints as soon as they learn that the action

27    will not result in a quick default or settlement, but that the

28    defendants are able to obtain counsel.

07CV1824

30.  By voluntarily dismissing many cases, Plaintiffs have prevented the legitimacy of their conduct and strategy in those cases from being judicially examined, and have prevented the defendants in those cases from being judicially vindicated.

31.  The relief requested cannot be obtained in the action against Defendant.

32.  Defendant is entitled to a positive judicial declaration of non-infringement and to such further relief as may be appropriate, including costs and reasonable attorney's fees.

33.  Defendant seeks attorney fees and costs available under The Copyright Act, Title 17, *United States Code*, Section 505:

§ 505. Costs and attorney's fees

In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

**COUNT I**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

34.  Defendant repleads, re-alleges, and incorporates by reference each and every allegation contained in the foregoing Paragraphs 1 through 33, inclusive, of this pleading as if fully set forth at length hereat.

35.  Because Defendant did nothing improper regarding Plaintiffs' copyrighted materials, he is entitled to a declaratory judgment of non-infringement.

/ / /

1  36.  Upon information and belief, the plaintiffs' only

2  evidence to support its claim against defendant was (a) his

3  status as an account holder with an internet service provider,

4  and (b) a printout of a text list of titles of songs which

5  allegedly was procured through a dynamic IP address which

6  plaintiffs' investigators claim to have been accessed by the

7  internet access account paid for by defendant.

8  37.  Defendant has never engaged in the alleged peer to

9  peer file sharing alleged by plaintiffs.

10  38.  Plaintiffs have a pattern and practice of commencing

11  actions of this type. See, e.g. Atlantic Records v. Andersen,

12  05-cv-933 Dist. of Oregon, Atlantic v. Zuleta, 06-cv-1221 ND GA,

13  Capitol Records v. Debbie Foster, 04-1569-W, USDC, WD OK;

14  Elektra v. Wilke, 06-cv-2717 N.D. IL, Priority Records LLC v.

15  Candy Chan, 04-cv-73645 E.D. Michigan, Virgin Records v.

16  Marson, 05-cv-03201 C.D.CA, Warner v. Scantlebury, 05-cv-74394

17  E.D. Michigan.

18  39.  Plaintiffs' practice of commencing lawsuits against

19  internet subscribers for the purpose of coercing settlements,

20  mostly from innocent working families who lack the means to

21  defend the lawsuits, is a despicable, extortionate and

22  oppressive practice.

23  40.  Pursuant to Title 17, United States Code, Section

24  505, defendant is entitled to be awarded his attorney fees in

25  defending this frivolous suit.

26  41.  Defendant is entitled to a declaratory judgment

27  declaring that he committed no copyright infringement.

28  / / /

07CV1824

**COUNT II**

**TRESPASS**

42. Defendant repleads, re-alleges and incorporates by reference the allegations set forth in the foregoing Paragraphs 1 through 41 of this pleading as if fully set forth at length hereat.

43. At all times relevant to this action, on information and belief, Media Sentry, Inc., a Georgia corporation, is an agent of Plaintiffs, regularly contracted by Plaintiffs to perform investigations aimed at identifying future litigation targets for Plaintiffs, and to collect what it considers to be forensic evidence of copyright infringement. All tortious actions conducted by Media Sentry or its employees or agents (hereinafter referred to individually and collectively as "Media Sentry") against Defendant are imputed to Plaintiffs.

44. Defendant has never authorized Media Sentry, or any other organization, group, company, or individuals to electronically enter, nor to conduct any electronic or physical search of Defendant's computer without Defendant's knowledge, permission and consent, such search or searches being an unlawful intrusion and trespass upon Defendant's private property.

45. At all times relevant hereto, Defendant reasonably expected that, and had a right to be assured that, the contents of his computer, and information relating to Defendant's account with his internet service provider, were private matters which would not be viewed by others or disclosed without his knowledge or consent to any other person, including Media Sentry.

07CV1824

Plaintiffs' and Media Sentry's actions in accessing Defendant's computer files, and information relating to Defendant's account with his internet service provider, was wrongful and invaded Defendant's privacy.

46. Media Sentry's acts as hereinabove described were committed within the scope of its agency, and were authorized or ratified by Plaintiffs.

47. As a consequence of the actions of Plaintiffs as hereinabove described, Defendant's privacy has been violated and Defendant has suffer and continues to suffer embarrassment, anxiety, mental distress, emotional pain and suffering, inconvenience, and financial distress, all to Defendant's general damage in an amount or amounts to be proved at the time of trial.

48. Plaintiffs are liable to Defendant for damages resulting from their wrongful actions, and from the wrongful actions of Plaintiffs' agents as hereinabove alleged.

49. Plaintiffs' actions as hereinabove alleged were intended to damage Defendant; were despicable and oppressive; and were committed with willful and conscious disregard for Defendant's rights and Plaintiff's responsibilities.

50. By Plaintiffs' actions as hereinabove alleged, Plaintiffs committed trespass upon Defendant's property.

### COUNT III

### VIOLATION OF COMPUTER FRAUD AND ABUSE ACT

51. Defendant repleads, re-alleges and incorporates by reference the allegations set forth in the preceding Paragraphs 1 through 50 of this pleading as if fully set forth at length

07CV1824

hereat.

52.   Under the Computer Fraud and Abuse Act, Title 18, *United States Code*, Section 1030, it is illegal to break into another person's private computer to spy, steal or remove private information, damage property, or cause other harm or losses.   The CFAA prohibits a person from accessing a computer without authorization to "obtain information from any protected computer if the conduct involved an interstate or foreign communication."   Section 1030(a)(2)(C).   The CFAA further prohibits a person from breaking into a computer without permission and creates a cause of action where the unauthorized access results in damage, loss, or personal injury.   Section 1030(a)(5)(B)(iii).

53.   Defendant's computer, its capacity and its integrity are his personal property.   The Plaintiffs employed MediaSentry as their agent to bypass Defendant's computer security systems and break into his personal computer to secretly spy and steal or remove private information.   MediaSentry did not have his permission to inspect, copy, or remove Defendant's private computer files.   It gained access secretly and illegally.

54.    Plaintiffs, and their agents, willfully used Defendant's computer without authorization to appropriate Defendant's personal property for their own purposes.

55.   Plaintiffs' conduct resulted in damages and harm to Defendant's health and property.   As a direct result of Plaintiffs' interference with the integrity and capacity of Defendant's personal computer, Defendant invested substantial resources into investigating the integrity of Defendant's

1  computer.  Plaintiffs' conduct resulted in direct and

2  consequential damages, loss, and harm to Defendant in an amount

3  to be proven at trial in excess of $5,000.

4                           **COUNT IV**

5                    **INVASION OF PRIVACY**

6       56.  Defendant repleads, re-alleges and incorporates by

7  reference the allegations set forth in the preceding Paragraphs

8  1 through 55 of this pleading as if fully set forth at length

9  hereat.

10      57.  Plaintiffs, and their attorneys, obtained Defendant's

11 private information relating to Defendant's account with his

12 internet service provider through the use of unlawful and

13 improper *ex parte* communications with this Court and by

14 misleading this Court.

15      58.  By the actions set forth above, Plaintiffs invaded

16 Defendant's privacy.

17                           **COUNT V**

18          **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

19      59.  Defendant repleads, re-alleges and incorporates by

20 reference the allegations set forth in the preceding Paragraphs

21 1 through 58 of this pleading as if fully set forth at length

22 hereat.

23      60.  By the actions set forth above, Plaintiffs

24 intentionally inflicted emotional distress upon Defendant.

25 **WHEREFORE DEFENDANT DEMANDS JUDGMENT AS FOLLOWS:**

26 1.  For an award of Defendant's attorney fees, costs, and

27 disbursements, according to proof;

28 2.  For a declaratory judgment of noninfringement as to each

1       claimed work;

2  3.   For actual and compensatory damages;

3  4.   For punitive damages; and

4  5.   For all proper relief.

5 Dated: October 19, 2007     **LAW OFFICES OF MICHAEL B. STONE**

6

7             /s Michael B. Stone
            MICHAEL B. STONE, ESQ.

8             Attorney at Law
            Attorney for Defendant

9             CHARLES SERRANO

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07CV1824

1

**PROOF OF SERVICE BY CM/ECF SYSTEM**

2        I am over 18 years old, not a party to this action, and
reside in the County of Los Angeles, State of California.  My

3    business address is: 2250 East Imperial Highway, Suite 200, El
Segundo, California 90245.

4

5        On October 19, 2007, I served the

6                      **COUNTERCLAIM**

7        on the interested parties: I transmitted a true copy of the
document to opposing counsel of record by electronically filing

8    the document with the Court's CM/ECF system.

9

Jonathan G. Fetterly, Esq.

10   Holme Roberts & Owen LLP
777 South Figueroa Street, Suite 2800

11   Los Angeles, California 90017-3826

12   (Attorney for Plaintiffs)

13

14        I declare under the laws of the United States of America
that I am a member of the Bar of this Court and the foregoing is

15   true and correct.  Executed in Long Beach, California this 19th
day of October, 2007.

16

17                   /s Michael B. Stone
                      MICHAEL B. STONE

18

19

20

21

22

23

24

25

26

27

28

07CV1824