FILED

'07 DEC 28 PM 1:04

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:      DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, et.al., <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLES SERRANO, <br><br> Defendant. | CASE NO. 07-CV-1824 W (JMA) <br><br> ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS OR FOR MORE DEFINITE STATEMENT (Doc. Nos. 6, 8); (2) GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS (Doc. No. 10.) |

On September 18, 2007 Plaintiff Atlantic Recording Company and other large copyright holding companies (collectively, "Plaintiffs") commenced this action against Defendant Charles Serrano ("Defendant") alleging copyright infringement. (Doc. No. 1.) On October 19, 2007 Defendant counterclaimed seeking declaratory relief of non-infringement and alleging trespass, computer fraud, invasion of privacy, and intentional infliction of emotional distress. (Doc. No. 7.) Pending before the Court are Defendant's motion to dismiss or for more definite statement (Doc. Nos. 6, 8) and Plaintiffs' motion to dismiss Defendant's counterclaims. (Doc. No. 10.) The Court decides these matters on the papers submitted and without oral argument. See S.D. Cal. Civ. R. 7.1(d.1). For the following reasons, the Court **DENIES** Defendant's motion to dismiss or for more definite statement, and **GRANTS** Plaintiffs' motion to dismiss.

I.  **BACKGROUND**

Plaintiffs are a collection of music and recording companies which own the exclusive rights to reproduce and distribute certain copyrighted music. (*Compl.* ¶¶ 4-15, *Ex. A.*) Media Sentry, Inc., ("Media Sentry") appears to be an "online investigation" company Plaintiffs routinely hire to investigate and collect electronic evidence of copyright infringement. (*Counterlcl.* ¶ 43.) Defendant is an individual residing in El Cajon, California. (*Compl.* ¶ 12.)

Peer-to-peer ("P2P") computer networks allow Internet users to search for files stored on other users' computers and transfer exact copies of files from one computer to another. (*Compl.* ¶ 16.) Users of P2P networks can be identified by their Internet Protocol ("IP") addresses because each computer or network device that connects to a P2P network must have a unique IP address within the Internet to deliver files from one computer or network device to another. (*Id.* ¶ 17.)

On February 8, 2007 at 18:47:06 EST Plaintiffs allegedly identified an individual using a P2P network at IP address 69.237.185.46. (*Id.* ¶ 18.) This individual allegedly distributed 224 audio files over the Internet, including files containing Plaintiffs' copyrighted audio. (*Id.*) After filing a "Doe" complaint and subpoenaing the appropriate Internet Service Provider ("ISP"), Plaintiffs identified Defendant Charles Serrano as the individual responsible for that IP address at that date and time. (*Id.*; *Pls.' Opp'n* 2-3.)

On September 18, 2007 Plaintiffs filed suit against Defendant alleging copyright infringement. (Doc. No. 1) On October 19, 2007 Defendant moved under Rule 12(b)(6)[1] to dismiss Plaintiffs' complaint for failure to state a claim, or alternatively moved under Rule 12(e) for a more definite statement. (Doc. No. 6.) Also on October 19, 2007 Defendant counterclaimed seeking declaratory relief of non-infringement and alleging trespass, computer fraud, invasion of privacy, and intentional infliction of emotional distress. (Doc. No. 7.) On November 5, 2007 Plaintiffs opposed Defendant's motion to dismiss. (Doc. No. 9.) On November 8, 2007 Plaintiffs moved under Rule

---

[1] Unless otherwise noted, each "Rule" refers to the Federal Rules of Civil Procedure.

1  12(b)(6) to dismiss Defendant's counterclaims for failure to state a claim. (Doc. No. 10.)
2  On November 26, 2007 Defendant timely opposed Plaintiffs' motion to dismiss. (Doc.
3  No. 13.) This Court's Order shall resolve both parties' Rule 12(b)(6) motions to dismiss.

II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l. v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of a claim according to this rule is proper only in "extraordinary" cases. United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964–65. Additionally, all material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in the light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002). The complaint and all reasonable inferences therefrom are construed in the plaintiff's favor. Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996). Nevertheless, conclusory legal allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001).

///

III. DISCUSSION

    A. PLAINTIFFS' COMPLAINT STATES A COGNIZABLE COPYRIGHT INFRINGEMENT CLAIM

Defendants argue that Plaintiffs' Complaint lacks the specificity required to state a copyright infringement claim. (*Def.'s Mot. to Dismiss* 8-10.) Defendants also allege that they cannot be held liable for infringing Plaintiffs' exclusive copyright distribution rights because 17 U.S.C. § 106(3) does not apply to electronic transmissions. (*Id.* 11-15.) In the alternative, Defendants move for a more definite statement.

In opposition, Plaintiffs argue that their Complaint falls within Rule 8's lenient pleading standards. (*Pls.' Opp'n* 5.) Moreover, Plaintiffs feel that the Complaint and attached exhibit allege specific facts needed to support a copyright infringement claim, and that numerous courts have denied motions to dismiss complaints containing similar factual allegations. (*Id.* 4-9.) Plaintiffs also contend that Defendant's 17 U.S.C. § 106(3) argument is unsupported by law or policy. (*Id.* 9-16.)

The Court agrees.

To establish a copyright infringement claim, plaintiffs must allege (1) that they own valid copyrights and (2) that defendant copied constituent elements of the work that are original. Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991). Federal Rule of Civil Procedure 8(a) requires that a complaint include a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002).

Plaintiffs have alleged adequate facts to state a copyright infringement claim and survive a Rule 12(b)(6) motion to dismiss. Plaintiffs' Exhibit A specifically alleges the ownership of or exclusive rights to 10 copyrighted recordings and lists the registration number for each one. (*Compl. Ex. A.*) Although Plaintiffs ultimately seek damages for 224 instances of copyright infringement, a partial list of 10 is appropriate notice for Defendant at this stage of the proceedings. See Arista Records LLC v. Greubel, 453 F.

Supp. 2d 961, 965-66 (N.D. Tex. 2006) (holding partial list sufficient because specific information on the copyrights at stake could be obtained through discovery); <u>Interscope Records v. Duty</u>, No. 05-cv-3744-PHX-FJM, 2006 U.S. Dist. LEXIS 20214, at *6 (D. Ariz. April 14, 2006) (same).

Plaintiffs have also adequately alleged Defendant's infringing activity. Specifically, Plaintiffs' Complaint identifies the time, place, IP address, internet programs, and audio files that comprised Defendant's alleged infringement. (*Compl.* ¶¶ 16-18, *Ex. A*.) Taken together, Plaintiffs supply more than enough information to give Defendant fair notice of who owns the copyrights and how and when Defendant allegedly infringed them. Defendant's boilerplate Motion fails to address the actual facts alleged in Plaintiffs' Complaint and amounts to little more than a collection of conclusory legal statements.[2]

Defendant's remaining arguments about 17 U.S.C. § 106(3)'s applicability to electronic transmissions are unsupported by law and run contrary to the policies underlying the application of copyright law to internet communications. Section 106(3) gives a copyright owner the exclusive right to distribute copies or phonorecords of the copyrighted work by sale, lease, or lend. 17 U.S.C. § 106(3) (2006). Both the Supreme Court and Ninth Circuit have held that the unauthorized transmission of electronic files over the internet implicates the exclusive right of distribution, and it is tough to imagine that downloading music without permission violates copyright law while uploading music without permission does not. See <u>N.Y. Times Co. v. Tasini</u>, 533 U.S 483, 498 (2001) (assuming that the act of electronically selling articles falls within § 106(3)); <u>A&M Records, Inc. v. Napster, Inc.</u>, 239 F.3d 1004, 1013-14 (9th Cir. 2001) (holding that

---

[2] Although Defendant accuses big recording companies of using boilerplate complaints to extort small defendants, the Court suggests that Defendant's counsel take better care proofreading his own papers before filing future motions with this Court, especially when it comes to identifying the client counsel purports to represent. (*See Def.'s Mot.* 6.) Given Defendant's numerous mistakes and generalized arguments in support of this motion, the Court reminds Defendant that non-frivolous arguments submitted in a prior case can become frivolous when applied to the instant action.

Napster customers infringed distribution rights by downloading and uploading music).[3] At any rate, Plaintiffs' Complaint properly alleges a claim for infringing 17 U.S.C. § 106(1)'s exclusive right of reproduction.

In conclusion, Plaintiffs' Complaint alleges facts with sufficient particularity to establish a copyright infringement claim. Furthermore, the facts Plaintiffs allege are sufficiently detailed and give Defendant ample notice of which recordings, which acts, and which computer programs were used to infringe. (See Compl. ¶¶ 16-18.) Therefore, Defendant's Motion to Dismiss is **DENIED** and Defendant's Motion for More Definite Statement is also **DENIED**.

### B.  DEFENDANT'S COUNTERCLAIMS

As discussed above, Defendant has counterclaimed for declaratory relief, trespass, computer fraud, invasion of privacy, and intentional infliction of emotional distress. Plaintiffs move to dismiss each claim and the Court shall address each cause of action in turn. The same "notice pleading" standard applies to counterclaims as to original claims. Fed. R. Civ. P. 8(a); see Swierkiewicz 534 U.S. at 512.

#### i.  *Declaratory Judgment of Non-Infringment*

Defendant's first counterclaim seeks a declaratory judgment of non-infringement because Defendant allegedly did nothing improper regarding Plaintiffs' copyrighted materials. (Countercl. ¶¶ 35, 37, 41.) Plaintiffs argue that this claim is merely redundant of Plaintiffs' copyright infringement claim, and should be dismissed. (Pls.' Mot. 3-5.) Defendant does not counter Plaintiffs' argument.

Courts often dismiss "mirror image" counterclaims where they merely restate issues already before the court as part of a plaintiff's affirmative case. See, e.g., Avery Dennison Corp. v. Acco Brands, Inc., 2000 U.S. Dist. LEXIS 3938, at *12 (C.D. Cal.

---

[3] Defendants also argue that simply making copyrighted works available does not violate the right of distribution. (Def.'s Mot. 13-14.) Plaintiffs, however, go beyond alleging that Defendant merely made the works available; Plaintiffs allege that Defendant actually uploaded or downloaded the copyrighted works in question. (Compl. ¶ 18.)

February 22, 2000). Numerous courts have dismissed declaratory relief counterclaims in electronic copyright infringement actions where the question of whether defendant infringed plaintiff's rights will be decided by plaintiff's claim. See, e.g., Duty, No. 05-cv-3744-PHX-FJM, 2006 U.S. Dist. LEXIS 20214, at *10-11.

Plaintiffs' sole claim is that Defendant committed copyright infringement by downloading and/or uploading copyrighted audio. Defendant counterclaims seeking a declaratory judgment that, based on the occurrence or non-occurrence of these same acts, he did not commit copyright infringement. Even without Defendant's declaratory relief claim, the Court will decide the common copyright infringement issue unless the parties settle or Plaintiffs withdraw their Complaint. Because at this time Defendant's declaratory judgment claim is redundant and unnecessary, the Court **GRANTS** Plaintiffs' Motion and **DISMISSES WITHOUT PREJUDICE** Defendant's first claim.

### ii.   *Trespass*

Defendant's second counterclaim generally alleges trespass, which his Opposition refines to trespass to chattels. (*Countercl.* ¶¶ 42-50; *Def.'s Opp'n* 3-4.) Specifically, Defendant alleges that Media Sentry, Plaintiffs' agent, committed trespass by searching Defendant's computer without permission. (*Countercl.* ¶¶ 43-44.)

Plaintiffs argue that Defendant's Counterclaim does not allege any computer damage or interference, and thus fails to state a necessary element of trespass to chattels. (*Pls.' Mot.* 5-6.) Defendant argues that, under California law, he is not required to allege "substantial interference" with possession to state a valid trespass action. (*Def.'s Opp'n* 3-4.)

Trespass to chattels occurs where an intentional interference with the possession of personal property has proximately caused injury. Intel Corp. v. Hamidi, 71 P.3d 296, 302 (Cal. 2003). Under California law, the tort does not encompass an electronic communication that neither damages the recipient computer system nor impairs its functioning. Id. at 300. This is because such an electronic communication does not

interfere with the possessor's use or possession of the personal property itself. Id.

However, when the specter of many electronic communications seriously threatens a computer system's integrity—such as repeated, automated activity from robotic data collection services—a trespass to chattels action may lie. Id. at 305-06 (discussing eBay, Inc. v. Bidder's Edge, Inc., 100 F. Supp. 2d 1058 (N.D. Cal. 2000) and related cases). In eBay and related cases, each plaintiff operated a high profile commercial web site subject to attack by spammers or information-collecting robots.[4] Intel, 71 P.3d at 305-06. The courts held that the plaintiffs stated trespass claims even though the plaintiffs could not show substantial, actual interference with the intended functioning of the computer system. Id. The courts found it sufficient that if other operators of parasitic websites widely replicated the defendants' conduct, the plaintiffs' business and computer operations would surely suffer. Id.; but c.f. Ticketmaster Corp. v. Tickets. com, Inc., No. 99CV7654, 2000 U.S. Dist. LEXIS 12987, at *17 (C.D. Cal. Aug. 10, 2000) (holding no actionable trespass where defendant's use of plaintiff's computer system was very small and there was "[no] specter of dozens or more parasites joining the fray, the cumulative total of which could affect the operation of [the plaintiff's] business.").

Defendant states that he suffered "embarrassment, anxiety, mental distress, emotional pain and suffering, inconvenience and financial distress" due to Plaintiffs' alleged trespass. (Countercl. ¶ 47.) Nowhere does Defendant state that he suffered damage to his computer or that Plaintiff somehow interfered with his right to possess the machine. Unlike Ebay, Defendant does not operate a web-based business and it appears unlikely that automated data collection services threaten to overwhelm his personal computer. In short, Defendants have merely alleged an electronic communication that neither damaged the recipient computer system nor impaired its functioning. See Intel,

---

[4] A spammer is a term for a person or automated process that sends unwanted or inappropriate electronic mail to multiple recipients, often advertisements. Webster's New Millenium Dictionary of English, Preview Edition (v. 0.9.7), available at http://dictionary.reference.com/browse/spammer (last visited December 10, 2007).

Data search and collection robots are programs designed to rapidly search numerous websites collecting, retrieving, and indexing information. The information collected is useed to create searchable databases and comparison shopping searches. Intel Corp. v. Hamidi, 71 P.3d 305 n.4 (Cal. 2003).

71 P.3d at 302. The California Supreme Court has clearly held that such conduct is not actionable under trespass to chattels; accordingly, the Court **GRANTS** Plaintiffs' Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Defendant's second claim for trespass.

### iii. *Violation of Computer Fraud and Abuse Act*

Defendant's third claim is for Computer Fraud and Abuse Act ("CFAA") violations, alleging that Media Sentry unlawfully gained access to his computer to secretly spy and steal private information. (*Countercl.* ¶ 53-55.) Plaintiffs argue that no CFAA claim exists because Defendant implicitly authorized the public to access his computer by placing files in a "shared" folder. (*Pls.' Mot.* 8-9.) Additionally, Plaintiffs argue that Defendant's claim does not allege specific facts in support of their CFAA theory. (*Id.*) Defendants respond with a classic fishing line: "[w]hether plaintiffs' software agents violated the law is an issue to be explored in discovery and determined by the finder of fact." (*Def.'s Mot.* 4.)

Defendant's Counterclaim does not allege facts sufficient to put Plaintiffs on notice of a CFAA violation. See Swierkiewicz, 534 U.S. at 512. Defendant generally alleges that Media Sentry secretly gained access to information and used it for personal gain. (*See Compl.* ¶¶ 52-55.) However, Defendant fails to allege (1) when or how Plaintiffs allegedly broke into his computer; (2) when or how Plaintiffs allegedly spied on his private information; (3) what private information was spied on; (4) when or how Plaintiffs removed private information; (5) what private information was removed; (6) what files were inspected, copied, or removed; (7) when or how any files were inspected, copied, or removed; (8) how Plaintiffs appropriated or profited from Defendant's personal property; and/or (9) how Defendant's data was harmed or compromised. Even viewing the Counterclaim's meager allegations in Defendant's favor, the Court can only speculate as to what may have transpired and how Defendant is entitled to relief.

Even assuming Defendant bases the CFAA claim on the events described in Plaintiffs' Complaint, nothing indicates that Plaintiffs secretly accessed any information.

Rather, Plaintiffs allege that they observed an individual using LimeWire on the P2P network Gnutella- activity which is public and trackable. See LimeWire: Copyright Information, http://www.limewire.com/about/copyright.php (last visited December 10, 2007) (stating that "everything [the user] share[s] with LimeWire becomes public and trackable").

Ultimately, Defendant's third claim must fail because it does not put Plaintiff on notice of how and when Plaintiff violated the CFAA, how Defendant was harmed, and the grounds under which Defendant seeks relief. Simply, there are insufficient facts in support of a CFAA violation and Defendant does not raise the right to relief above a speculative level.[5] Accordingly, Plaintiffs' Motion to Dismiss the third claim is **GRANTED** and Defendant's third claim is **DISMISSED WITHOUT PREJUDICE.**

### iv.  *Invasion of Privacy*

Defendant's fourth claim is for invasion of privacy, alleging that Plaintiffs obtained Defendant's private information relating to Defendant's ISP account through the use of unlawful *ex parte* communications with the court. (*Countercl.* ¶¶ 56-58.) Plaintiff argues that Defendant does not adequately allege facts on which invasion of privacy theory he depends on and, at any rate, Plaintiffs' actions are protected under federal and California privilege law. (*Pls.' Mot.* 10-15.) Defendant's Opposition refines his invasion of privacy theory to "intrusion upon seclusion." (*Def.'s Opp'n* 5.)

California recognizes several forms of invasion of privacy, including (1) intrusion upon seclusion; (2) public disclosure of private facts; (3) false light; and (4) appropriation

---

[5] Neither Plaintiffs' Complaint nor Defendant's Counterclaim alleges whether or not Defendant used a "shared folder" on his computer, which would thus moot non-authorization defenses and destroy expectations of privacy. See Columbia Pictures, Inc. v. Bunnell, 245 F.R.D. 443, ___ (C.D. Cal. 2007) (holding that even if users are engaged in legal file sharing, they have little to no expectation of privacy because they are broadcasting their identifying information to the file-sharing public), In re Verizon Internet Servs., 257 F. Supp. 2d 244, 267 (D.D.C. 2003) (stating that it is "hard to understand" what privacy expectation a computer user retains after granting access to a shared folder). Whether LimeWire and Gnutella necessarily or always require a shared folder and whether Defendant's alleged infringement involved a shared folder is unclear and, regardless, the Court finds that Defendant has failed to allege facts on which CFAA relief can be granted.

of name and likeness. Shulman v. Group W Prods., 955 P.2d 469, 477-48, 478 n.4 (Cal. 1998). The action for intrusion upon seclusion has two elements: (i) intrusion into a private place, conversation or matter (ii) in a manner highly offensive to a reasonable person. Shulman, 955 P.2d at 490.

In a P2P copyright infringement suit, plaintiffs typically file a complaint against a "Doe" defendant because plaintiffs usually have an infringing computer's IP address, but not who owns or uses the computer. Plaintiffs will then obtain the Doe's true identity by moving for immediate discovery to subpoena an ISP for the name associated with the IP address. BMG Music v. Does, No. 06-CV-1579-MHP, 2006 U.S. Dist. LEXIS 53237, at *3-4 (N.D. Cal. July 31, 2006) (citing cases). The subpoena can be issued on a prima facie showing of actionable harm. Id.

California has a broad litigation privilege protecting communications made in judicial proceedings, in any official proceeding authorized by law, and in the initiation or course of any proceeding authorized by law. Cal. Civ. Code. § 47(b); Flores v. Emerich & Fike, 416 F. Supp. 2d 885 (E.D. Cal. 2006) (holding that the privilege extends to any communication that bears some relation to any ongoing or anticipated lawsuit). Information and records produced under a subpoena have been held to be absolutely privileged. See, e.g., Kelly v. Daro, 118 P.2d 37 (Cal. Ct. App. 1941). The litigation privilege codified in Cal. Civ. Code § 47 applies to the tort of invasion of privacy. Kimmel v. Goland, 793 P.2d 524 (Cal. 1990).

As a threshold matter, Defendant waffles on the facts and events underlying his invasion of privacy claim. Defendant's Counterclaim alleges that Plaintiffs invaded his privacy by obtaining his IP address through unlawful *ex parte* communication with the court. (Countercl. ¶ 57.)[6] Presumably, Defendant refers to Plaintiffs filing a "Doe" lawsuit and subpoenaing Defendant's ISP. Defendant's Opposition, however, argues that Plaintiffs actually invaded his computer to steal information. (*Def.'s Opp'n* 5.) As

---

[6]To the extent Defendant seeks to support his invasion of privacy claim with the same facts alleged under his CFAA claim, such a claim would fail for the same reasons found in Part III(B)(iii) of this Order. (See Countercl. ¶¶ 56, 58.)

Plaintiffs have moved to dismiss Defendant's Counterclaim for failure to state a claim, the Court will only look at the Counterclaim's allegations to decide the motion. See North Star Int'l 720 F.2d at 581 (holding that inquiry is limited to the content of the complaint).

Defendant's Counterclaim alleges that the invasion of privacy tort took place when Plaintiffs obtained private information relating to Defendant's ISP account. (*Countercl.* ¶ 57.) Plaintiff obtained this information, however, pursuant to a subpoena served on Defendant's ISP. Thus, as in Kelly, the information produced is absolutely privileged.[7] Defendant has proffered no facts suggesting that the subpoena was somehow improper or invalid. To the extent that Defendant might allege that Plaintiff instead committed the tort by *moving* for a court-ordered subpoena, Cal. Civ. Code § 47(b) would clearly insulate this type of communication from suit. To the extent that Defendant might allege that Plaintiff instead committed the tort when observing Defendant's IP address, Plaintiffs originally viewed Defendant's IP address in a forum that was public and trackable, i.e. not a private place. Because under no circumstances can Defendant establish a right to relief on the facts he alleges, the Court **GRANTS** Plaintiffs' motion and **DISMISSES WITHOUT PREJUDICE** Defendant's fourth cause of action.[8]

### v. *Intentional Infliction of Emotional Distress*

Defendant's fifth claim is for intentional infliction of emotional distress ("IIED"), alleging that Plaintiffs' actions have intentionally inflicted emotional distress upon him.

---

[7] Even if Defendant's argument could be construed such that Plaintiff committed the tort by merely serving the subpoena on the ISP, it is tough to imagine that the information gained from a valid subpoena would be privileged while properly serving a valid subpoena would be tortious.

[8] To the extent Defendant's invasion of privacy claims rest on public disclosure of private facts or false light theories, both of these theories require some sort of "public disclosure" or "publication." See Sipple v. Chronicle Publ'g Co., 201 Cal. Rptr. 665, 667 (Cal. Ct. App. 1984) (requiring public disclosure), Selleck v. Globe Int'l, 212 Cal. Rptr. 838, 845-46 (Cal. Ct. App. 1985) (implying that publication is essential to stating an actionable false light claim). Because Defendants allege no non-privileged communications which could possibly support a "public disclosure" or "publication" element, these theories fail for the same reasons as Defendant's intrusion upon seclusion theory. From the information before the Court, an appropriation of name and likeness theory does not appear actionable or relevant to Defendant's Counterclaim.

(*Countercl.* ¶¶ 59-60.) Plaintiff argues that Defendant has failed to state sufficient facts establishing an IIED claim. (*Pls.' Mot.* 16-17.) Defendant does not counter Plaintiffs' arguments.

To state an IIED claim, a plaintiff must allege: (1) extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Cervantez v. J.C. Penney Co., 595 P.2d 975, 983 (Cal. 1979). Regarding the first element, it must appear that the defendant's conduct was unprivileged. Id. Where the parties agree on the facts, the court may determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. Trerice v. Blue Cross of Cal., 257 Cal. Rptr. 338, 340 (Cal. Ct. App. 1989).

Defendant does not allege any facts tending to show that Plaintiff engaged in conduct outrageous enough to support an IIED claim. To the extent Defendant relies on Plaintiffs' efforts to obtain his identity or enforce its copyrights, the California litigation privilege protects Plaintiffs' communications and court filings. Additionally, viewing Defendant's IP address on a public P2P network and moving for a subpoena on the information found thereon does not constitute outrageous conduct. Because Defendant has not plead sufficient facts in support of an IIED claim, the Court **GRANTS** Plaintiffs' motion and **DISMISSES WITHOUT PREJUDICE** Defendant's fifth cause of action.

### IV.  CONCLUSION

Plaintiff has pled sufficient facts to establish a copyright infringement claim. Because the facts are sufficiently detailed to give Defendant notice of how and when he allegedly infringed Plaintiffs' copyrights, the Court **DENIES** Defendant's Motion to Dismiss or For More Definite Statement. (Doc. No. 6.)

Each of Defendant's Counterclaims fail to state facts upon which relief can be

granted or otherwise rely on privileged communications and conduct in trying to establish a cause of action. For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion (Doc. No. 10) and **DISMISSES WITHOUT PREJUDICE** each of Defendant's claims and Defendant's entire Counterclaim. (Doc. No. 7.)

IT IS SO ORDERED.

Dated: December 27, 2007

Hon. THOMAS J. WHELAN
United States District Court
Southern District of California